UNITED STATES DISTRICT COURT
For the
SOUTHERN DISTRICT OF FLORIDA

Eliakim Brown

        Plaintiff,

vs.

Police Officer Juan Zapapa
in his Individual Capacity,
Police Officer Lazaro Rieseo
in his Individual Capacity,
Police Chief Richard Clements in
his Official and Individual Capacity
as Chief of the Miami Beach Police
Department, and City of Miami Beach,

        Defendants.
_____/

FILED BY_____ D.C.
DEC 22 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**COMPLAINT UNDER 42 U.S.C. §1983 FOR VIOLATION OF UNALIENABLE AND INHERENT RIGHTS PROTECTED BY THE CONSTITUTION**

    COMES NOW Eliakim Brown, Sui Juris, and files his lawsuit against the following Defendants, a 42 U.S.C. §1983 against Miami Beach Police Officer Juan Zapapa- badge number 2086 in his Individual Capacity, a 42 U.S.C. §1983 against Miami Beach Police Officer Lazaro Rieseo - badge number 1158 in his Individual Capacity, A 42 U.S.C. § 1983 claim against Miami Beach Police Chief Richard Clements in his Official and Individual Capacity as Police Chief, a 42 U.S.C. §1983 claim against the Miami Beach Police Department and the City of Miami Beach Florida, for violating his well established Unalienable and Inherent Rights

1

which are protected by the Constitution of The United States and Florida Constitution.

## JURISDICTION

This Court have original jurisdiction over all parties to this lawsuit under 28 U.S.C. §1331. Federal question, because all the Defendants are responsible for violating Plaintiff's Federal Rights. Therefore a 42 U.S.C 1983 claim is sought against all the listed Defendants herein.

The underline questions of this lawsuit is as follows;

1. Can Plaintiff as We the People have a right to go to a Public beach to jog while the beach is legally open?.
2. Is the Plaintiff allowed to sit in his car change is shoes after jogging and listen to his music in his car without being harassed by the Police Defendants?
3. Is the Police allowed by law to search Plaintiffs' car without a warrant and his consent?.
4. Is the Police Defendant allowed to put the Plaintiff in handcuffs without any evidence of suspicion that the Plaintiff had committed a crime, in the commission of committing a crime or seeing the Plaintiff committing a crime?.
5. Is the Police Defendants allowed by law to violate the Plaintiffs' Privacy Rights without fourth amendment probable cause?.
6. Is the Police Defendant allowed by Constitutional law to stereotype", "racial profile", and "harass the Plaintiff" because of the his racial ethnicity?.
7. Is the Police Defendants allowed by Constitutional law to be fishing for a reason to try to arrest Plaintiff because the Defendant Police Officers could not find any reason to be constraining Plaintiff right of movement and liberty?.

8. Is the Defendant Police Officers under Constitutional law allowed to temporarily arrest Plaintiff for no lawful reasons at all? (handcuffing the Plaintiff even temporarily is considered an arrest according to the United States Courts' of Appeal).

All of the following questions were based upon Plaintiff's interaction with the Defendant Police Officers named in this lawsuit. The answer to the above questions are all "NO".

**Introduction**

**FEDERAL RIGHTS VIOLATION**

I.      On December 18, 2020 at approximately 12:10 P.M at Collins Avenue and 14th Street, Miami Beach, Florida, Plaintiff was sitting in his car just listening to his music on a 10 volume sound level after finished jogging on the beach, when he was approached by 4 Miami Beach Police Officers in a "drug bust" positioning. Plaintiff later called the Miami Beach Police Department and got 2 of the names. They are Police Officers Juan Zapapa, badge number 2086, and Lazaro Rieseo, badge number 1158. The Miami Beach Police Officer Lazaro Rieseo asked Plaintiff if the car that Plaintiff was sitting in was his; and he said yes. They then asked Plaintiff if he had a driver's license, and he said yes. Then one of the Officers' asked him if he had a weapon in his car, and he said yes. The Police Officers then ordered him out of his car and Juan Zapapa put him in handcuffs as Officer Lazaro Rieseo searched his car and sat him on the curb

II.   Police Officer Lazaro Rieseo then took Plaintiff's private firearm to see if it was loaded, which it was not. Officer Juan Zapapa **then asked Plaintiff if he was selling drugs in the car and he said no.** (Police Officers doesn't' asked everyone

3

that they are interrogating when pulled over if they sell drugs) **He asked to search Plaintiff's car after he already went inside without his consent and Plaintiff said, "no".** He asked Plaintiff bizarrely several times over and over if his car was his car and where is the registration. Plaintiff told him that he have a registration for his car, but he wasn't interested in seeing it. The Officer **then asked Plaintiff if he sell drugs, he told him no. He then told Plaintiff that his loud music gave suspicion that he was selling drugs. He then said, "you have a gun with no license".** Plaintiff told him that Florida Statute says that he can have a gun as long as it is unloaded and in a two draw case; in which Plaintiff was in compliance.

III. The Officer said that Plaintiff didn't have a gun case, in which the other Officer said, Plaintiff did, and showed him. He then asked Plaintiff again if his car was his, and Plaintiff said yes. The Police Officer eventually gave Plaintiff back is freedom to go which was temporarily restrained without any lawful probable cause, and said his music was too loud and he could get a citation for it. Neither Officers' introduced themselves.

## COUNT I – AGAINST POLICE OFFICER JUAN ZAPAPA FOR FOURTH AMENMENT VIOLATION

### Amendment IV

IV. *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

V. Defendant Juan Zapapa had assisted or was an assistant in violating Plaintiff's fourth amendment unalienable and inherent right when searching his car without probable cause or any proof to suspect that Plaintiff had committed or in the process of committing any crime, was searched by Lazaro Rieseo. For these

4

violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT II –AGAINST DEFNDANT POLICE OFFICER JUAN ZAPAPA FOR VIOLTION OF THE FIFTH AMENDMENT

**VI.** Plaintiff brings one count of the fifth amendment violation, because he was denied due process of law meaning, the Defendant Officer Juan Zapapa handcuffed the Plaintiff without any proof or evidence that he committed any crime. We the people should not be put in handcuffs' without suspicion with evidence that the said suspect committed a crime. Plaintiff was put in handcuff because he was treated as guilty without any suspicious evidence until the officer sees that he is innocent. That is not lawful action. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT II – AGAINST DFENDANT POLICE OFFICER JUAN ZAPAPA FOR VIOLATION OF THE FOURTEENTH AMENDMENT

VII. Plaintiff brings a second count against the Defendant Juan Zapapa for violating his fourteenth amendment unalienable and inherent right by restraining his right of movement by violating his right to life liberty and the pursuit of happiness. Plaintiff right of equal protection of the law was violated too, because other people was enjoying the beach and some in their cars too; but Plaintiff was racially targeted. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT II – AGAINST DFENDANT POLICE OFFICER JUAN ZAPAPA FOR VIOLATION OF FLORIDA CONSTITUION ARTICLE I SECTION 12-"RIGHT TO PRIVACY"

VIII. The Constitution of the State of Florida expressly recognize a right to privacy under *Article I, Section 12 – Florida's Constitutional Right to Privacy: Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein.*

IX. Plaintiff brings a claim against the Defendant Police Officer Juan Zapapa for violation of his right to privacy under Florida Constitution Article I section 12, by harassing him sitting in his car minding his own business, searching his private property, fishing looking for a reason to get the Plaintiff in trouble where none existed, and going into his private gun case and harassing him about his legal and lawful firearm.

X. At the end of the harassment (harassment because no probable cause existed), the Defendant Police Officers started claiming that Plaintiffs' alleged loud music drew suspicion of him selling drugs, and that's the reason they were interrogating him. This excuse is nonsensical and had no legal or lawful merits to harass someone. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

## COUNT I – AGAINST POLICE OFFICER LAZARO RIESEO FOR FOURTH AMENMENT VIOLATION

### Amendment IV

XI. *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

XII. Defendant Lazaro Rieseo had violated Plaintiffs' fourth amendment unalienable and inherent right by searching his car without probable cause or any

proof to suspect that Plaintiff had committed or in the process of committing any crime. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT II – AGAINST DEFNDANT POLICE OFFICER LAZARO RIESEO FOR VIOLTION 0F THE FIFTH AMENDMENT

**XIII.** Plaintiff brings one count of the fifth amendment violation against Defendant Lazaro Rieseo, because he denied Plaintiff due process of law, meaning, the Defendant handcuffed the Plaintiff without any proof or evidence that he committed any crime. We the people should not be put in handcuffs' without suspicion with evidence that the said suspect committed a crime. Plaintiff was put in handcuff because he was treated as guilty without any suspicious evidence until the officer sees that he is innocent. That is not lawful action. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT III – AGAINST DFENDANT POLICE OFFICER LAZARO RIESEO FOR VIOLATION OF THE FOURTEENTH AMENDMENT

**XIV.** Plaintiff brings a second count against the Defendant Lazaro Rieseo for violating his fourteenth amendment unalienable and inherent right by restraining his right of movement by violating his right to life liberty and the pursuit of happiness. Plaintiff right of equal protection of the law was violated too, because other people was enjoying the beach and some in their cars too; but Plaintiff was racially targeted. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT IV – AGAINST DFENDANT POLICE OFFICER LAZARO RIESEO FOR VIOLATION OF FLORIDA CONSTITUION ARTICLE I

## SECTION 12-"RIGHT TO PRIVACY"

XV. The Constitution of the State of Florida expressly recognize a right to privacy under *Article I, Section 12 – Florida's Constitutional Right to Privacy: Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein.*

XVI. Plaintiff brings a claim against the Defendant Police Officer Lazaro Rieseo for violation of his right to privacy under Florida Constitution Article I section 12, by harassing him sitting in his car minding his own business, searching his private property, fishing looking for a reason to get the Plaintiff in trouble where none existed, and going into his private gun case and harassing him about his legal and lawful firearm.

XVII. At the end of the harassment (harassment because no probable cause existed), the Defendant Police Officers started claiming that Plaintiffs' alleged loud music drew suspicion of him selling drugs, and that's the reason they were interrogating him. This excuse is nonsensical and had no legal or lawful merits to harass someone. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

## COUNT I – AGAINST MIAMI BEACH POLICE CHIEF RICHARD CLEMENTS

XVIII. Plaintiff brings this count against the Defendant Police Chief Richard Clements. The Defendant Chief Richard Clements have a tremendous responsibility to supervise the Defendant Police Officers which works under his department of which he is chief. Lack of supervision that lead to the Defendant Police Officers and the Miami Police Department to violating Plaintiff's fourth, fifth, fourteen amendment of the United States Constitution and Florida

8

Constitution Article I section 12 -right to privacy. For this claim, Plaintiff seeks $350,000 for emotional pain and suffering, harassment, embarrassment and punitive damages,

### COUNT I – AGAINST THE MIAMI BEACH POLICE DEPARTMENT FOR FOURTH AMENDMENT VIOLATION

XIX. Plaintiff brings this claim against the Miami Beach Police Department for not properly training its officers, who also have a history of "racial discriminations" especially against so called "black people". See example, **Published May 15, 2015. Last Update May 3, 2016-Chief: Miami Beach police officers sent hundreds of offensive racial, porn emails. (one of many).**
The Miami Beach Police Department's lack of training provoked Defendant Police Officers to engage in violating Plaintiff's fourth amendment rights, when its Officers entered Plaintiff's car in violation of the fourth amendment. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

### COUNT II – AGAINST THE MIAMI BEACH POLICE DEPARTMENT FOR FIFTH AMENDMENT VIOLATION

XX. Plaintiff brings this claim against the Defendant Miami Beach Police Department for its lack of training to the above mentioned Defendant Miami Beach Police Officers. The Officers lack of training encouraged them to violate Plaintiff's fifth amendment protection of due process. He was put in handcuffs with no evidence of a crime and treated like a criminal with no lawful reason rather than racial discrimination and profiling. He was treated guilty until proven innocent. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

## COUNT III – AGAINST THE MIAMI BEACH POLICE DEPARTMENT FOR FOURTEENTH AMENDMENT VIOLATION

XXI. Plaintiff brings a claim for fourteenth amendment violation against the Defendant Miami Beach Police Department for lack of training that lead to its Defendant Police Officers violating Plaintiff's fourteenth amendment protected rights. The Plaintiff was denied equal protection under the law. The Plaintiff's right to life liberty and pursuit of happiness was violated . For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

## COUNT IV – AGAINST DFENDANT MIAMI BEACH POLICE DEPARTMENT FOR VIOLATION OF FLORIDA CONSTITUION ARTICLE I SECTION 12-"RIGHT TO PRIVACY"

XXII. Plaintiff brings this claim against the Defendant Miami Beach Police Department for failure to train its Police Officers mentioned above who violated Plaintiff's right of privacy under Florida Constitution mentioned above, when they entered his private vehicle, got access to his private lawful and legal firearm and total harassment.. Plaintiff seeks $350,000 for emotional stress, harassment and punitive damages.

## COUNT I – AGAINST THE CITY OF MIAMI BEACH FOR FOURTH AMENDMENT VIOLATION

XXIII. Plaintiff brings this claim against the Defendant the City Of Miami Beach for hiring a Police Department that constantly violates We the People Constitutional protected rights. Herein, Plaintiff's Fourth, fifth and fourteenth amendment rights were violated by the Miami Beach Police officers mentioned in this complaint. The Miami Beach Police Department is responsible being a

Department of the City of Miami Beach. For these violations Plaintiff seeks $350,000 monetary award for emotional stress and punitive damages, embarrassment and harassment.

## CIVIL RIGHTS AND RACIAL PROFILING AND RACIAL DISCRIMINATION BY THE MIAMI BEACH POLICE DEPARTMENT.

XXIV. The Miami Beach Police Department have a history of racial profiling, making racial jokes and totally disregarding so called black lives. This must stop.

### NO IMMUNITIES FOR DEFENDANTS

The Defendants will certainly claim some kinds of immunity, but immunity is not proper where rights are violated.

***"[S]ince Ex parte Young, 209 U. S. 123 (1908),"*** *we said, "it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law."* ***Scheuer, supra, at 237.*** *While the doctrine of Ex parte Young does not apply where a plaintiff seeks damages from the public treasury, damages awards against individual defendants in federal courts "are a permissible remedy in some circumstances notwithstanding the fact that they hold public office."* ***416 U. S., at 238.*** *That is, the Eleventh Amendment does not erect a barrier against suits to impose "individual and personal liability" on state officials under § 1983.*

WHEREFORE, the Plaintiff moves this Court to GRANT him the relief herein sought of a total of $4,900,000 or what this Court deems just and equitable, for emotional stress, harassment, monetary damages, and punitive damages. Plaintiff reserves the right to amend and or ad additional counts at the time allowed by law and Fed. R. Civ. P.

11

Defendants:

Police Officer
Juan Zapapa
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

Police Officer
Lazaro Rieseo
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

Police Chief
Richard Clements
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

City of Miami Beach Police Department
1100 Washington Avenue
Miami Beach FL 33139
(305) 673-7925

City of Miami Beach
1700 Convention Center Drive
Miami Beach, Florida 33139
Phone: 305.673.7000

Plaintiff:

Eliakim Brown
P.O. Box 470373
Miami FL. 33247
(786) 955-3527
Email: Eliakimbrown@gmail.com

Eliakim Brown

12-22-2020